IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-00026

| | | |
|---|---|---|
| DEMAR WORRELL,<br><br>Plaintiff,<br><br>v.<br><br>WRIGHTSVILLE BEACH POLICE DEPARTMENT, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **O R D E R** |

This cause comes before the Court on plaintiff's motion for a preliminary injunction [DE 3], plaintiff's motion for summary judgment [DE 7], plaintiff's "first amended and supplemental complaint" and motion for disclosure [DE 10], plaintiff's motion for an emergency order [DE 16], plaintiff's "emergency motion for preliminary injunction and for protective order" [DE 17], plaintiff's "emergency motion for sanctions and for default judgment" [DE 19], defendant's motion to dismiss [DE 32], and plaintiff's motion for leave to file supplemental memorandum [DE 38]. For the following reasons, the Court GRANTS defendants' motion to dismiss [DE 32], and the Court DENIES AS MOOT all plaintiff's motions [DE 3; DE 7; DE 10; DE 16; DE 17; DE 19; DE 38].

## I. BACKGROUND

On January 20, 2026, plaintiff initiated this action by filing the complaint in this Court [DE 1]. On the same day, plaintiff filed a motion to proceed in forma pauperis [DE 2] and a motion for preliminary injunction [DE 3]. On February 3, 2026, plaintiff filed a motion for summary judgment [DE 7]. On March 20, 2026, United States Magistrate Judge Kimberly A. Swank entered an order

and memorandum and recommendation, allowing plaintiff's motion to proceed in forma pauperis, recommending dismissal of plaintiff's motion for a preliminary injunction, and instructing plaintiff to file a particularized complaint by April 13, 2026 [DE 9].

On March 23, 2026, plaintiff filed the "first amended and supplemental complaint (statement of facts), motion for disclosure and preservation of evidence, and statement of exhaustion of remedies" [DE 10]. That complaint alleges the following.

On January 10, 2026, Defendant Officer Eliana Arnold initiated a traffic stop of plaintiff. Although the officer explained the reason for the stop was a "headlamp violation," this reason was pretextual. (Plaintiff alleges this was just one of four or five unconstitutional stops he endured since the year 2024.) As a result of the stop, the officer maliciously prosecuted plaintiff by arresting him for "Simple Possession of Schedule VI" when plaintiff was not in possession of a controlled substance. In fact, he was in possession of "legal CBD flower." On January 23, 2026, the District Attorney voluntarily dismissed all charges. As a result of these events, plaintiff filed a claim for violation of the Fourth Amendment and the Fourteenth Amendment.

On April 7, 2026, plaintiff filed a motion for an emergency order [DE 16] and an emergency motion for preliminary injunction and for protective order [DE 17]. On April 10, plaintiff filed an emergency motion for sanctions and default judgment [DE 19]. On May 20, 2026, plaintiff filed, without authorization, another amended complaint [DE 27].[1]

[1] Plaintiff filed the first amended complaint on March 23, 2026, at the direction of the Court [DE 10]. However, the Court did not authorize plaintiff's filing of the second amended complaint on May 20, 2026 [DE 27]. Nor did the opposing party consent to its filing. Pursuant to Federal Rule of Civil Procedure Rule 15(a)(2), plaintiff may only amend his pleading again with the opposing party's written consent or the court's leave. Therefore, the Court disregards the second amended complaint filed on May 20, 2026 [DE 27] and refers to the first amended complaint [DE 10] as the operative complaint.

On June 11, 2026, defendants filed a motion to dismiss [DE 32]. The same day, plaintiff responded to the motion [DE 35]. Finally, on June 29, 2026, plaintiff filed a "motion for leave to file supplemental memorandum" [DE 38].

## II. LEGAL STANDARD

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.* at 555, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## III. DISCUSSION

Defendants argue that plaintiff's claims are barred by the doctrine of res judicata. "Res judicata, or claim preclusion, bars the relitigation of any claims that were or could have been raised in a prior proceeding between the same parties." *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir.

2008). A defendant may raise the res judicata defense in a Rule 12(b)(6) motion. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts are required to give state court judgments the same preclusive effect as would the courts of the state rendering the judgment. *Brooks v. Arthur,* 626 F.3d 194, 200 (4th Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005)).

Under North Carolina law, a subsequent claim is barred by res judicata if: (1) there is a final judgment on the merits of the earlier suit; (2) there is an identity of the cause of action in both the earlier and later suits; and (3) there is an identity of parties or their privies in the two suits. *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 135 (1985). Like its application in federal law, res judicata is applied by North Carolina courts to "not only bar[] the relitigation of matters determined in prior proceeding[s], but also all material and relevant matters within the scope of the pleadings, which the parties, in the exercise of reasonable diligence could and should have brought forward." *Holly Farm Foods v. Kuykendall*, 114 N.C. App. 412, 416 (1994) (internal quotations omitted).

Defendants allege plaintiff has already fully and fairly litigated his claims in a state court proceeding found at docket number 26CV000182-640 in New Hanover County Superior Court. "[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact[.]" *Andrews*, 201 F.3d at 524 n.1. Defendants attach to their motion to dismiss: (1) complaint filed in superior court by plaintiff on January 12, 2026; (2) amended complaints filed in superior court by plaintiff on February 20, 2026; and (3) a superior court order filed April 21, 2026, which fully granted the defendants' motion to dismiss.

Based on a review of these superior court filings, the Court determines each element of the res judicata defense is satisfied, at least as to three of the named defendants.

First, the Superior Court of New Hanover County entered an order on April 20, 2026, granting the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. [DE 32-1]. Plaintiff's complaint was dismissed with prejudice. *Id.*

Second, the causes of action are identical. "The test for deciding whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008) (cleaned up, citations omitted). Both the state and the federal complaints allege that on January 10, 2026, plaintiff was falsely charged with possession of marijuana when he possessed only CBD flower. [DE 32-3; DE 32-4; DE 32-5]. Both complaints allege multiple prior illegal stops, and that an assistant district attorney dismissed plaintiff's charges. *Id.* Both complaints assert violations of the Fourth and Fourteenth Amendments. *Id.* There can be no doubt the claims presented in the new litigation before the Court arise out of the same transaction as the claims resolved by New Hanover County Superior Court.

Third and last, in both actions, plaintiff named as defendants: (1) the Wrightsville Police Department; (2) Officer Eliana Arnold; and (3) the New Hanover Attorney's Office. In plaintiff's federal complaint before this Court, plaintiff also added the Town of Wrightsville and the District Attorney of New Hanover County. As all three elements of the res judicata defense are satisfied as to the first three named defendants, plaintiff's claims are precluded against them.

To the extent that a suit against the New Hanover District Attorney and the Town of Wrightsville is meaningfully distinguishable from a suit against the defendants named in the

superior court action, the Court determines plaintiff fails to state a claim for relief against those defendants. Plaintiff's complaint alleges violations of the Fourth and Fourteenth Amendment, but his claims are purely conclusory with no supporting legal arguments, and as such, they do not support a reasonable inference that defendants are liable. *See Fairfax v. CBS Corp.*, 2 F.4th 286, 292 (2021) ("Conclusory statements and facts merely consistent with a defendant's liability do not suffice to carry a complaint over the line between possibility and plausibility.") (citations omitted).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motion to dismiss plaintiff's complaint in its entirety [DE 32]. The Court DENIES AS MOOT all plaintiff's motions pending before it [DE 3; DE 7; DE 10; DE 16; DE 17; DE 19; DE 38]. The Clerk is DIRECTED to close the case.

SO ORDERED, this 2 day of September, 2026.

Terrence Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE